**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------------------------X   Case No. 14-cv-06306
MARILYN FLOYD, on behalf of herself individually
and all others similarly situated,

                                                           Plaintiff,

                                                                             **CLASS ACTION**
              -against-                                        **COMPLAINT**

MIDLAND CREDIT MANAGEMENT, INC.,

                                             Defendant.
----------------------------------------------------------------------------X

        Plaintiff, by and through her attorneys, FAGENSON & PUGLISI, upon knowledge as to herself and her own acts, and as to all other matters upon information and belief, brings this complaint against above-named defendant and in support thereof alleges the following:

INTRODUCTION

        1.    That this is an action for damages brought by an individual consumer and on behalf of a class for defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.* which prohibits debt collectors from engaging in abusive, deceptive and unfair acts and practices.

        2.    That, further, this is an action for damages and injunctive relief brought by an individual consumer against defendant pursuant to New York General Business Law ("NYGBL") § 349 regarding defendant's deceptive acts and practices.

## JURISDICTION AND VENUE

3. That this Court has federal question jurisdiction pursuant to the FDCPA, 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331 and supplemental jurisdiction exists over the NYGBL § 349 claims pursuant to 28 U.S.C. § 1367.

4. That this Court has venue pursuant to 28 U.S.C. § 1391(b) in that a substantial portion of the events or omissions giving rise to this action occurred in this District.

## PARTIES

5. That plaintiff is a natural person.

6. That plaintiff is a consumer within the meaning of 15 U.S.C. § 1692a(3) as she is a natural person who is alleged by defendant to owe a financial obligation.

7. That the financial obligation which defendant sought to collect from plaintiff is a debt within the meaning of 15 U.S.C. § 1692a(5) in that the obligation which defendant sought to collect from plaintiff was originally incurred, if at all, for personal, family or household purposes to Dell Financial Services.

8. That plaintiff is a reasonable consumer within the meaning of NYGBL § 349 who acted reasonably under the circumstances alleged herein.

9. That defendant is a debt collector within the meaning of 15 U.S.C. § 1692a(6).

10. That defendant uses the mail and the telephone to collect defaulted consumer debts owed or due or alleged to be owed or due to others.

11. That the principal purpose of defendant is the collection of defaulted consumer debts owed or due or alleged to be owed or due to others.

12. That defendant regularly collects or attempts to collect defaulted consumer debts owed or due or alleged to be owed or due to others.

13. That upon information and belief, defendant is a foreign business corporation incorporated in Kansas.

## FACTUAL ALLEGATIONS

14. That plaintiff re-alleges paragraphs 1-13 as if fully re-stated herein.

15. That at some point in time, plaintiff allegedly incurred a personal debt to Dell Financial Services ("Dell").

16. That, on information and belief, the issuer of the Dell account was Web Bank.

17. That at some subsequent point in time Dell/Web Bank alleged that the debt fell into default.

18. That the last payment on the account was in August 2007.

19. That by letter dated October 26, 2013 defendant wrote to plaintiff in an attempt to collect the defaulted Dell/Web Bank debt.

20. That in the letter defendant offered plaintiff a 40 percent discount settlement.

21. That when defendant sent the letter it had been more than six years since the last payment was made on plaintiff's account.

22. That the applicable statute of limitations on plaintiff's account was four years.

23. That at the time defendant sent its letter to plaintiff the applicable statute of limitations for suing plaintiff for the debt had already expired.

24. That even if the applicable statute of limitations were six years, at the time defendant sent its letter the statute of limitations had already expired.

25. That defendant did not inform plaintiff in its letter that the statute of limitations to sue her for the debt had expired.

26. That defendant did not inform plaintiff in its letter that any payment towards the debt would revive the statute of limitations.

27. That pursuant to the Administrative Code of the City of New York, Title 20, Chapter 2, Subchapter 30, § 20-493.2(b) and Title 6, Chapter 2, § 2-191 of the Rules of the City of New York, defendant is prohibited from seeking to collect the debt unless defendant first provides to plaintiff in each and every letter the following information:

> "WE ARE REQUIRED BY LAW TO GIVE YOU THE FOLLOWING INFORMATION ABOUT THIS DEBT. The legal time limit (statute of limitations) for suing you to collect this debt has expired. However, if somebody sues you anyway to try to make you pay this debt, court rules REQUIRE YOU to tell the court that the statute of limitations has expired to prevent the creditor from obtaining a judgment. Even though the statute of limitations has expired, you may CHOOSE to make payments. However, BE AWARE: if you make a payment, the creditor's right to sue you to make you pay the entire debt may START AGAIN."

28. That defendant did not provide this information to plaintiff in its letter.

29. That upon discovering that defendant's statements in its letter were false, deceptive and misleading plaintiff suffered confusion, anxiety, stress, agitation and a sense that defendant had sought to deceive her into paying or settling the debt.

## AS AND FOR A FIRST CAUSE OF ACTION
## 15 U.S.C. §§ 1692e(2)(A) and 1692e(10)

30. That plaintiff re-alleges paragraphs 1-29 as if fully re-stated herein.

31. That by failing to inform plaintiff in its letter that the statute of limitations on the debt had expired, defendant failed to disclose relevant information to plaintiff that would have necessarily influenced plaintiff's decision as to whether to pay the debt or any portion of it.

32. That by making a settlement offer to plaintiff, defendant encouraged plaintiff to waive her defense to a lawsuit on the statute of limitations ground.

33. That by making the settlement offer to plaintiff, defendant attempted to deceive plaintiff into believing that there is a legally enforceable obligation to pay the debt.

34. That defendant knew that if plaintiff paid any portion of the debt, plaintiff would have waived the defense of the statute of limitations.

35. That defendant knew that if plaintiff paid any portion of the debt, plaintiff would have made herself liable to be sued for the debt all over again.

36. That, moreover, in as much as defendant sent its letter to plaintiff's home in New York City, defendant had a duty to include the information regarding the statute of limitations required by the Administrative Code of the City of New York and the Rules of the City of New York.

37. That, upon receipt of defendant's letter, plaintiff did not know the legal effect of paying the debt or any portion of it.

38. That, upon receipt of defendant's letter, the least sophisticated consumer would not know the legal effect of paying the debt or any portion of it.

39. That, upon receipt of defendant's letter, the least sophisticated consumer would believe that she had a legally enforceable obligation to pay the debt.

40. That defendant's failure to state in its letter that the debt was beyond the statute of limitations, is a false representation of the legal status of the debt and is therefore in violation of the FDCPA, including but not limited to, § 1692e(2)(A).

41. That defendant's offer of settlement in its said collection letter without stating that the debt is beyond the statute of limitations also constitutes a false representation of the legal status of the debt and is also in violation of the FDCPA, including but not limited to, § 1692e(2)(A).

42. That defendant's failure to state in its letter that the debt is beyond the statute of limitations coupled with defendant's offer of settlement constitutes a false, deceptive and misleading means used by defendant in its attempt to collect the debt and is in violation of the FDCPA, including but not limited to § 1692e(10).

## AS AND FOR A SECOND CAUSE OF ACTION

## NYGBL § 349

43. That plaintiff re-alleges paragraphs 1 to 42 as if fully re-stated herein.

44. That defendant owed a duty to plaintiff to effect its collection of plaintiff's alleged debt with reasonable care.

45. That defendant's offer of settlement in its letter without stating that the debt was beyond the statute of limitations shows a lack of exercise of reasonable care in defendant's collection of the alleged debt.

46. That defendant breached its duty to collect plaintiff's alleged debt with reasonable care.

47. That said deceptive and misleading acts and practices were committed by defendant in the conduct of a business, trade or commerce or the furnishing of a service in New York State and constitutes a violation of NYGBL § 349.

48. That each of the letters in which defendant makes settlement offers without stating that the statute of limitations for suing on the debt had expired is a form collection letter which defendant sends to hundreds, if not thousands, of consumers in New York State each month.

49. That defendant's said statements in its letters have a broad impact on consumers at large whose accounts are placed with defendant for collection.

50. That upon reading defendant's collection letter, plaintiff did not know and could not know that the legal effect of accepting defendant's settlement offer and paying a portion of the debt would be to revive the statute of limitations to be sued.

51. That, therefore, defendant's statements in its letter to plaintiff are deceptive and misleading in a material way.

52. That plaintiff is a reasonable consumer within the meaning of the NYGBL and acted reasonably under the circumstances of this case.

53. That upon discovering that defendant's statements were false, misleading and deceptive plaintiff suffered confusion, anxiety, stress, agitation and a sense that defendant had sought to deceive her into paying or settling the debt.

54. That defendant violated NYGBL § 349(a) and is liable to plaintiff pursuant to NYGBL § 349(h).

## CLASS ALLEGATIONS

55. That plaintiff re-alleges paragraphs 1-54 as if fully re-stated herein.

56. That this action is brought on behalf of plaintiff and the members of a class. The class consists of all persons who defendant's records reflect were sent debt collection letters within the State of New York within the period of time commencing one year before the filing of this complaint up to and including the date of the filing of the complaint and who were sent a collection letter (a) in substantially the same form as the letter sent to plaintiff dated October 26, 2013; (b) the collection letter was sent to a consumer seeking payment of a consumer debt; (c) the collection letter was not returned by the postal service as undelivered; and (d) the letter contained the above violations of 15 U.S.C. §§ 1692e(10) and 1692e(2)(A).

The class shall be further defined as follows:

*All natural persons residing in the State of New York to whom defendant sent a collection letter concerning a Web Bank debt, which letter contained a settlement offer, where a lawsuit to collect the debt is beyond the applicable statute of limitations, and in which letter defendant fails to state that the statute of limitations had expired, and which letter was not returned by the postal service as undeliverable, from one year before the filing of this complaint to the date of the filing of this complaint.*

57. That the class does not include defendant or persons who are officers, directors, or employees of defendant.

58. That pursuant to Rule 23 of the Federal Rule of Civil Procedure, a class action is appropriate and preferable in this case because:

(A) Based on the fact that the collection letter that is the gravamen of this litigation is a mass-mailed form letter, the class is so numerous that joinder of all members is impracticable. Upon information and belief, thousands of persons have received similar debt collection letters from defendant which violate the various provisions of the FDCPA.

(B) There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether defendant violated the FDCPA including but not limited to §§ 1692e(10) and 1692e(2)(A) by failing to state in its collection

          letters offering a settlement on time-barred debts that the applicable statute of limitations to be sued on the debts had expired.

    (C)    The only individual issue is the identification of the consumers who received the letters (the class members), a matter capable of ministerial determination from the records of defendant.

    (D)    The claims of plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

    (E)    Plaintiff will fairly and adequately represent the class members' interests. Plaintiff has retained experienced counsel. Plaintiff's interests are consistent with those of the members of the class.

59.    That a class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA in 15 U.S.C. § 1692k. The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the class would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

60.    That if the facts are discovered to be appropriate, plaintiff will seek to certify a class action pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

61. That communications from debt collectors, such as those sent by defendant, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer".

62. That as a result of the above violations, defendant is liable to plaintiff and the members of the class for injunctive relief and damages in an amount to be determined at the time of trial, plus costs and attorneys' fees.

WHEREFORE, plaintiff respectfully prays that judgment be entered against defendant as follows:

(a) certifying a class action pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure;

(b) awarding class members the maximum statutory damages pursuant to 15 U.S.C. § 1692k;

(c) awarding individual statutory damages pursuant to 15 U.S.C. § 1692k in an amount to be determined at time of trial;

(d) awarding actual damages pursuant to 15 U.S.C. § 1692k in an amount to be determined a time of trial.

(e) awarding reasonable attorneys' fees, costs and disbursements pursuant to 15 U.S.C. § 1692k;

(f) enjoining defendant from misrepresenting the character and legal status of the debt in its collection letters to plaintiff, pursuant to NYGBL § 349;

(g) enjoining defendant from committing further deceptive and misleading acts and practices against plaintiff in its collection letters

to plaintiff, pursuant to NYGBL § 349;

(h) awarding statutory damages pursuant to NYGBL § 349 in an amount to be determined at time of trial;

(i) awarding actual damages pursuant to NYGBL § 349 in an amount to be determined at time of trial;

(j) awarding reasonable attorneys' fees, costs and disbursements pursuant to NYGBL § 349(h); and

(k) for such other and further relief as may be just and proper.

DEMAND FOR TRIAL BY JURY

Plaintiff requests trial by jury on all issues so triable.

Dated: New York, New York
       October 26, 2014.

    /s/ *Novlette R. Kidd*
NOVLETTE R. KIDD, ESQ. (NK 9339)
FAGENSON & PUGLISI
Attorneys for Plaintiff
450 Seventh Avenue, Suite 704
New York, New York 10123
Telephone: (212) 268-2128
Nkidd@fagensonpuglisi.com